UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60575-CIV-DIMITROULEAS/ROSENBAUM

CONTOUR PRODUCTS, INC.,

      Plaintiff,

v.

WALTER J. ALBECKER,

      Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Defendant Walter J. Albecker's Alternative Motion for Protective Order [D.E. 19]. This Alternative Motion was referred to me by the Honorable William P. Dimitrouleas on January 22, 2009. *See* D.E. 20. For the reasons discussed below, the Court now denies Defendant's Alternative Motion for Protective Order.

Rule 26(c), Fed. R. Civ. P., governs the issuance of protective orders and empowers courts upon a showing of "good cause," to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Among other limitations a court may place upon discovery, a court may require any or all of the following:

    (1)    that the disclosure or discovery not be had;

    (2)    that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

    (3)    that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

    (4)    that certain matters not be inquired into, or that the scope of the disclosure or

        discovery be limited to certain matters;

    (5)    that discovery be conducted with no one present except persons designated by the court.

Rule 26(c), Fed. R. Civ. P.

The burden for demonstrating "good cause" falls on the shoulders of the moving party. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). In evaluating a movant's submission of "good cause," a court should balance the movant's interest in preventing the discovery sought against the other party's interest in seeking the discovery. *Id.* (citing *Farnsworth v. Procter & Gamble, Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985)). To make this determination, the court must ""insist[] on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."" *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations omitted). Although a district court enjoys broad discretion in fashioning a protective order, the court must articulate its reasons for granting a protective order. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355, 357 (11th Cir. 1987).

Here, Defendant's Motion seeks a protective order because of a "potential for harm to Defendant, as well as licensees, if much of the information requested through discovery is revealed." D.E. 19 at 9. Based on the Motion, it is not clear to the Court from what aspects of discovery Defendant seeks protection. Indeed, Defendant has not identified any specific discovery requests from which he seeks protection. Nor has Defendant made a "particular and specific demonstration of fact" as to how responding to any particular discovery request will cause him harm. In short, Defendant has not met his burden to demonstrate "good cause" supporting the issuance of a protective order at this point. Consequently, the Court is not able to issue a protective order.

Should Defendant wish to seek protection from a particular discovery request or requests, Defendant may file another motion for protective order, identifying with specificity the challenged discovery request and demonstrating how a complete response to the discovery request would cause Defendant harm, or otherwise showing good cause for the issuance of a protective order. To the extent that Defendant's Alternative Motion for Protective Order may be interpreted to seek the entry of a confidentiality order to govern the production of materials and information responsive to the discovery requests, Defendant has not identified they types of documents he seeks to subject to a confidentiality order, nor has Defendant demonstrated the harm that Defendant will experience upon the improper disclosure of information he seeks to subject to a confidentiality order. The Court, therefore, advises the parties that they may file a proposed stipulated confidentiality order, which the Court will consider entering in this case. Alternatively, if the parties cannot agree to a confidentiality order and Defendant is, in fact, seeking such an order, Defendant should file a motion with the Court requesting the entry of a confidentiality order, describing the types of documents he seeks to subject to the confidentiality order (*e.g.,* documents containing trade secrets), and identifying the harm that will befall Defendant upon improper disclosure of documents and information Defendant seeks to make subject to a confidentiality order.

**DONE AND ORDERED** this 23rd day of January, 2009.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William P. Dimitrouleas

       Counsel of Record

Walter J. Albecker, *pro se*
838 S. May Street
Chicago, IL 60607
Facsimile number: 800-975-7004